Jesus Eduardo Arias, Esq. LL.M.  [SBN  293983]
18000 Studebaker Rd. Suite 700
Cerritos California 90703
E| jearias@jesuseduardoarias.com
Tel| 323) 815 9450 Fax| 323) 375 1196
*Attorney for Plaintiffs* Wendy Lorena Galicia Ramirez; Kevin Josue Galicia Ramirez

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

WENDY LORENA GALICIA RAMIREZ, )
Individually and as Successor in Interest )
(Decedent's wife) *and* KEVIN JOSUE )
GALICIA RAMIREZ, Individually and as )
Successor in Interest (Decedent's Son), )
                                         )
                      Plaintiffs,        )
                                         )
         vs.                             )
                                         )
CITY OF TUSTIN, ESTELLA SILVA, an )
individual, and DOES 1-10, Inclusive,    )
                                         )
                      Defendants,        )
_____  )
                                         )
                                         )
                                         )

**Case No. 8:22-cv-01619**

**COMPLAINT FOR DAMAGES**

1. 14th Amendment—Substantive Due Process Violation 42 U.S.C. § 1983 (Interference to familial relationship)
2. 4th- Amendment.42 U.S.C.§ 1983 (Excessive Use of Force)
3. 4th Amendment 42 U.S.C. § 1983 (Denial of medical care with deliberate indifference to a serious medical need)
4. Municipal Liability by Ratification 42 U.S.C. § 1983     (*Monell*).
5. Municipal Liability-Failure to train and/ or to supervise. *(Monell)* 42 U.S.C. § 1983
6. Municipal Liability-Unconstitutional Custom, Practice, or Policy 42 U.S.C.1983     (*Monell*)
7. Negligence -Wrongful Death Under CA Law & Gov. Code §815.2
8. Violation of CA Civil Code § 52.1 *(The Tom Bane Civil Rights Act)*
9. Battery under California Law

**[ DEMAND FOR JURY TRIAL]**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COMPLAINT FOR DAMAGES

¨Plaintiffs¨ **WENDY LORENA GALICIA RAMIREZ**, Individually as the legal wife and therefore as  Successor in Interest to the Decedent LUIS MANUEL GARCIA AREAS; *And* **KEVIN JOSUE GALICIA RAMIREZ,** Individually as Decedent's son, and therefore as Successor in Interest to the Decedent, collectively referred here as **" Plaintiffs**", bring this Complaint for  violation of Civil Rights, and for wrongful Death against the Defendants; **City of Tustin (¨CITY¨);  ESTELLA SILVA an individual; "SILVA"** and against DOES 1 through 10 inclusive. Plaintiffs hereby respectfully allege as follows.

## I.    JURISDICTION AND VENUE

1. This civil action is based upon violations to constitutional rights protected under 42 U.S.C. § 1983, 1985, 1986, & 1988, and for violations to the Fourth & Fourteenth Amendments of the United States Constitution. Therefore, Jurisdiction is based under 28 U.S.C. § 1331, 1343, (a) (3) – (4) & 1367.

2. This US District Court has supplemental jurisdiction over the Plaintiff's State claims pursuant to 28 U.S.C. § 1367 (a). Those claims are intrinsically related to the federal claims, and  therefore they are considered to be arising out of the same case and controversy under Article III of the US Constitution.

3. Venue in this District Court is proper under 28 U.S.C. § 1391(b), because the DEFENDANTS reside in this Judicial District. And because all the incidents giving rise to this matter occurred within the geographical area covered by this District.

4. The amounts in controversy exceed the minimum jurisdictional limits.

## II.   THE PARTIES

5.  At all times relevant to this action, the Decedent **LUIS MANUEL GARCIA AREAS** (hereinafter referred to as "GARCIA AREAS" "GARCIA" or "DECEDENT") was a resident of Tustin California. He was 38 years old at the time of his Death. (August 9, 2021)

6.  Plaintiff **WENDY LORENA GALICIA RAMIREZ** (hereinafter referred as "MRS. GALICIA or PLAINTIFF") is the legal wife of the Decedent. (Date of Marriage November 24, 2000). Thus, Plaintiff brings this action pursuant California Code of Civil Procedure §377.60. A Declaration under CCP § 377.32 is attached here as **EXHIBIT No. 1** Plaintiff "Mrs. Galicia" brings this action both in her individual capacity for Wrongful Death Damages and the loss of her husband, and in her representative capacity as Decedent's successor in interest.  CCP § 377.34 (b)

7.  Plaintiff **KEVIN JOSUE GALICIA RAMIREZ,** hereinafter referred to as "KEVIN" OR "PLAINTIFF") is an Adult Son of the Decedent. (A child born within marriage, DOB 04/01/2001).[1] Pursuant California Civil Procedure Code §377.60, PLAINTIFF – KEVIN sues both in his individual capacity for Wrongful Death Damages as result of the Death of his father, and in his representative capacity as Decedent's successor in interest.  A Declaration under CCP 377.32 is also here attached as **EXHIBIT No. 2** CCP § 377.34 (b)

8.  The Plaintiffs act in their own individual capacity and as *successors in interest* to Decedent's Civil Rights per 42 U.S.C. § 1983. Further, the Plaintiffs seek wrongful death damages, including survival damages as to Mr. Garcia Areas' pain and suffering prior to his death. And for any and all other applicable damages including those provided by Ca. Civ. Proc. § 377.34 (b). (*This Action is being filed after January 1st 2022*)

---

[1] CA Fam Law "**Conclusive Presumption**" Subject to 7541 (Genetic Test showing otherwise), the child of spouses who cohabitated at the time of conception and birth is **"conclusively"** presumed to be a child of the marriage. (Fam Code 7540 (a) See *County of Los Angeles v. Christopher W.* (2019) 41 Ca.5th 827 Michael H v. Gerald D. (1989) 491 US 110. -Upholding presumption's facial Constitutionality.

9. At all relevant times, The Defendant CITY OF TUSTIN ("CITY") was a municipal corporation existing under the laws of the State of California. "CITY" is a chartered subdivision of the State of California, with the capacity to be sued pursuant to 42 U.S.C § 1983. See *Monell v. Dpt. Of Social Services* (1978) 436 US. 658, 691.

10. At all relevant times, **THE CITY** was responsible for assuring that the actions, omissions, policies, procedures, practices, training, supervision, monitoring, and customs of their TUSTIN POLICE DEPARTMENT - "TPD" and its employees, was in compliance with the laws of the United States and with laws of California.

11. At all relevant times, the Defendant **ESTELLA SILVA**, ("**SILVA**") was an individual working as a **Police officer for Tustin Police Department.** Defendant "SILVA" was acting under color of law and within the course and scope of her employment for TPD- The City. At all relevant times Defendant SILVA was acting within the complete authority, supervision, and ratification of her principal employer entity "THE CITY".

12. Plaintiffs reasonably believe and therefore here allege that at all relevant times; DOES 1-10 were individuals residents of California. Some of those DEFENDANTS, DOES 1-10, are duly sworn police officers specifically authorized by the CITY to perform duties and responsibilities as sworn law enforcement officers for the CITY. All of their acts were performed within the course and scope of their employment, acting under the color of law, as Police Officers for the CITY OF TUSTIN POLICE DEPARTMENT. DOE DEFENDANTS 1-10 were acting with the complete authority and ratification of their principal, CITY. The true names and capacities of those Defendants DOES 1-10, are unknown at this time to the PLAINTIFFS. Therefore, they are referred to in this complaint as DOE DEFENDANTS 1-10 Inclusive. PLAINTIFFS will seek leave to amend their complaint to show the true names and capacity of those DEFENDANTS when they are ascertained. Each of the fictitiously named DEFENDANTS is responsible in some manner for the wrongful acts alleged herein that resulted in the Death of Mr. Garcia.

PLAINTIFFS' COMPLAINT FOR DAMAGES

13. The Plaintiffs timely filed Governmental Claims pursuant to CA Gov. Code on 02/08/2022. Those claims were rejected on 03/02/2022. Thus, Plaintiffs now seek duly judicial adjudication of this matter pursuant 42 U.S.C. § 1983 & CA Laws.

### III.   FACTS COMMON TO ALL CLAIMS FOR RELIEF

14. The Plaintiffs incorporate by reference here paragraphs 1 to 13 of this complaint, with the same legal effect as if they were fully alleged herein.

15. The relevant incident occurred on **August 9, 2021**, around 10:00 a.m. at 15400 Williams Ave., in the City of Tustin, CA. (Near a mobile home's residential location)

16. On that day; (August 9 2021) and during some time (s) prior to such date, Mr. Luis Manuel Garcia Areas, was a man suffering from some medical & mental conditions. These conditions sometimes caused him to be homeless, and to be struggling to make a living by collecting recyclable materials on the streets.

17. During the morning of August 9 2021, The Tustin Police Department Communication's Unit - "Dispatch", received a phone call for service. The call was regarding an individual that was apparently seen in the area, holding a knife, "**on the previous day**". The caller described such individual with "blond hair" and other physical characteristics that did not match the characteristics of the Decedent.

18. Defendant Police Officer **ESTELLA SILVA** and other Tustin Police officers responded to the scene.  Upon arrival, the Defendant SILVA interacted verbally with the Decedent. Defendant Officer SILVA told Mr. Garcia to "*wake up*".  Then she told him *"I know you"*. She wanted Mr. Garcia to get out of the bushes. The Decedent responded calmly to officer Silva, indicating to her among other things the following; "*Ok let me get out*"  *"I am just picking up some recyclables*".

19. Then, when the decedent was trying to get out of the bushes, he was carrying a stick in his hand - which he used to collect the recyclable cans. He also had a plastic bag for the recycled cans in the other hand. At the same time that Mr. Garcia was trying to get out of the bushes - as he was being ordered by the police officers- an

unknown Doe Tustin Police Officer, without giving any warning, nor giving any verbal commands to Mr. Garcia, decided to fire his Taser against him.

20. Moreover, while the Taser was being deployed upon Mr. Garcia's body - and again without any warnings nor with any justification- the DEFENDANT ESTELLA SILVA, decided to use deadly force by shooting her firearm against Mr. Garcia. Mr. Garcia died on the same day at a hospital, despite the efforts by the Doctors and nurses that tried to save his life.

21. Mr. LUIS MANUEL GARCIA AREAS never threatened the Defendant SILVA. Nor did he ever threat any of the other officers who responded to the scene. Mr. Garcia did not pose a threat - let alone an immediate threat- for serious bodily injury. Nor did he cause any harm to anyone. He simply did not do anything against anyone that could be objectively interpreted as a threat justifying deadly force.

22. There was no proper nor effective communication among the officers responding to the scene. There was no De Escalation attempt by Defendant Silva or any of the other responding Tustin Police Officers.

23. There were no verbal warnings ever given to Mr. Garcia about the imminent use of the TASER device.

24. And moreover, there was no warning ever made that deadly force was going to be used against him.

25. Defendant SILVA, and other Officers responding to the scene had other available less lethal options, which could be a more reasonable level of force available (if use of force was even needed given the circumstances). Defendant SILVA nevertheless decided to use her gun and kill Mr. GARCIA. An unarmed man, who was merely collecting recyclables, was likely suffering from mental conditions, who lived in the streets, and to whom the Defendant Silva apparently already knew. Defendant Silva's conduct and use of force was objectively unreasonable and excessive.

26. DEFENDANTS SILVA and DOES 1-10's, excessive, unconstitutional, and Negligent use of force was the cause of Mr. Garcia's Death.

27. The use of force here was objectively unreasonable. As body cam videos released by TPD show, the shooting of Mr. Garcia Areas was conspicuously excessive under the circumstances at hand. Particularly because the DEFENDANT SILVA, by her own statements already knew the DECEDENT. Therefore, she was aware – or at least she had reasons to be aware – that Mr. Garcia was not a threatening person.

28. The Defendant Silva and her fellow responding officers knew that Mr. Garcia had not committed any crime. He had not been violent to anyone and he did not even correspond to the descriptions that they had received about an individual with "blond hair" seen in the area **the day before.**

29. Thus, Plaintiffs allege that the involved Tustin Police Officers, including and not limited to Defendant ESTELLA SILVA, used excessive force against Mr. GARCIA, in deprivation of his Constitutional rights causing his wrongful death.

30. The Plaintiffs further allege that Defendant SILVA and Does Tustin Police Officers 1-10 negligently handled the situation involving a citizen with mental conditions. Such conditions required them to follow specific procedures for situations related to homeless individuals, who may be suffering from mental conditions. They utterly failed to act in an objectively reasonable manner causing the wrongful death of a harmless individual, Mr. Luis Manuel Garcia Areas.

31. The Negligent handling of this situation was the proximate legal cause of Mr. Garcia's Death. As result Mr. Garcia and Plaintiffs have suffered damages.

32. The Plaintiffs act in their own individual capacity and as *successors in interest* to Decedent's Civil Rights per 42 U.S.C. § 1983. Therefore, the Plaintiffs seek wrongful death damages, including survival damages as to Mr. Garcia's pain and suffering prior to his death. And for any and all other applicable damages including those provided by Ca. Civ. Proc. § 377.34 (b). (*This Action is being filed after January 1st 2022*)

# FIRST CLAIM FOR RELIEF

Substantive Due Process- Interference with familial relationship
(Violation to the Fourteenth Amendment – 42 U.S.C. § 1983)
**Against Defendants; Estella Silva; and DOES 1 to 10**)

33. The Plaintiffs here incorporate by reference each and every allegation in the previous paragraphs 1 - 32 with the same force and legal effect as if included here.

34. Plaintiffs had a cognizable interest under the Due Process Clause by the Fourteenth Amendment of the United States Constitution. A cognizable interest to be free from State actions that unlawfully interfere with their familial relationship with their husband and father - respectively.

35. By the foregoing described events of unreasonable and excessive use of force, the Defendant [s] caused an unnecessary Death. And in so doing, they have unlawfully interfered with the familial relationship between the Plaintiffs and their now dead husband and father respectively.

36. The actions of the Defendant **Officer Silva** and **DEFENDANTS DOES 1-10**, resulting in the unjustified shooting of the DECEDENT given the circumstances "shocks the conscience". This, because the defendants have acted with **deliberate indifference** to constitutional rights and reverence for human life. First, this incident was not an emergency. The call was generated for the police officers to simply show up and to investigate further. This was not a split of a second event. There was not even a crime reported, (let alone a serious crime involved). Thus, the Defendant SILVA and Doe officers had sufficient time & opportunity to *deliberate* as what was the tactical plan they could use to handle the situation safely.

37. Furthermore, Defendant SILVA knew Mr. Garcia Areas, and therefore she knew that he could have been suffering from a mental illness or condition at the time of the Incident. Defendant SILVA and his Does partners, had the time and opportunity to *de-escalate the situation*. They obviously failed to do so. Instead, Defendant Silva shoot an innocent homeless man that she already knew.

38. Mr. Garcia was a harmless non violent homeless person. A medically vulnerable person. The shooting as occurred here shocks the conscience and therefore the Defendants should be liable under 42 U.S.C. § 1983 under the **deliberate indifference standard.**

39. Moreover, Defendants SILVA and DOES 1-10 had sufficient time and opportunity to call for back up, including time to call for personnel who could provide assistance in dealing with individuals with metal disturbance. They didn't.

40. As the evidence shows, Mr. Garcia was trying to comply and to get out of the bushes voluntarily as he was being ordered by the Defendants. Thus, there is no reasonable explanation why the Defendants Silva and Does 1-10 did not allow him to get out of the bushes, and instead they pushed his head down physically blocking him from exiting from such bushes' area.  This conduct also shocks the conscience under the *Deliberate indifference standard.* The Defendants had the opportunity to; think, to assess, to engage, to de-escalate and to act reasonably to prevent harm to Mr. Garcia or anyone. They simply chose not to do so. When Decedent was able to finally get out of the bushes as he was being ordered, the Defendants DOES 1-10 did not give Mr. GARCIA an opportunity to cooperate with the instructions by the police officers. First Defendant (s) DOE 1-10 shot Mr. Garcia with a Taser without prior warning. And just moments after, Defendant SILVA shot Mr. Garcia with her Gun for no reason when he was moving away from her.

41. The conduct of Defendant SILVA and DOES 1-10 is the proximate legal cause of the Death of Mr. Garcia.

42. As a direct and legal result of Defendant's conduct as described above; (by way of use of excessive force, and deliberate indifference to serious injury or death), Plaintiffs have been deprived of their right to a family relationship with their husband and father in a manner that shocks the conscience.

43. THE DEFENDANTS acted and or failed to act reasonably and with **deliberate indifference** to the clear risk of Mr. Garcia's death. They knew their unconstitutional acts and or omissions would cause irreparable harm and death.

PLAINTIFFS' COMPLAINT FOR DAMAGES

They had **sufficient time to deliberate** and chose the path of their actions deliberately.

44. Plaintiffs bring this claim in their individual capacities and for their own rights under the 14th Amendment and seek general damages and attorney fees pursuant 42 U.S.C. 1988 (b).

45. Plaintiffs bring this claim with right of survival damages as to Mr. Garcia's rights, including pain, suffering prior to his death, and for any and all other applicable damages including those provided by Ca. Civ. Proc. § 377.34 (b). (This Action is being filed after January 1st 2022)

46. The conduct of Defendant ESTELLA SILVA, in particular was willful, wanton, maliciously done with deliberate disregard for the rights and the human life of the DECEDENT. With the specific intent to cause pain, serious harm, and death. Therefore, the circumstances here justify the finding that in the interest of justice, The Defendant Silva should be personally liable for PUNITIVE damages.

## SECOND CLAIM FOR RELIEF
Unreasonable Search and Seizure—Excessive Use of Force
Against; Estella Silva; and DOES 1 to 10
(Under the Fourth Amendment—42 U.S.C. § 1983)

47. Plaintiffs incorporate by reference each and every allegation as stated above within the paragraphs 1- 46, as if it was fully asserted and alleged herein again.

48. The Fourth Amendment to the US Constitution provides a Constitutional right to every person to be free from the use of excessive force by state actors acting under of color of law, and within the scope of their employment. Defendant Estella Silva; and DOES 1 to 10 were acting under color of law and within the scope of their employment as Police Officers of Tustin Police Department for the City of Tustin.

49. Thus, under color of law, Defendants SILVA and Does 1-10 wrongfully deprived DECEDENT of his rights to be free from excessive and unreasonable use of force.

50. The Defendant DOES 1 to 10 engaged in excessive use of force, misconduct, and wrongful acts against Luis Manuel Garcia Areas by way of the use of a TASER device without any warning. Without reasonable justification. Without use of other alternative less intrusive methods for compliance and cooperation by Mr. Garcia.

51. The Use of force is only justified to the extent is objectively reasonable, and necessary to exercise an arrest or compliance of an individual. However, here Defendants DOES 1-10 did not assess the situation reasonably. Defendant [s] did not assess the situation regarding whether Mr. Garcia Areas required medical care or mental care due to this medical – mental conditions.  They knew about his conditions, and they failed to notify supervisors. They failed to request for reasonable and necessary assistance to handle the situation safely and properly without causing serious injury or death.

52. Mr. Garcia never verbally threatened anyone during the incident. Nor did he ever make any assaultive physical movement against any of the responding officers. Mr. Garcia never made a movement nor made a statement expressive of any intent to attack anyone during the incident.

53. Thus, the use of TASER device given the totality of the circumstances here, was use of unnecessary and excessive force.

54. Furthermore, Defendant SILVA engaged in the most egregious use of excessive force against Mr. Garcia on August 9 2021. On that day, the Defendant Silva knew Mr. Garcia. She knew that he was not a harmful person. She knew that he was simply collecting recyclable materials and that he had not been violent against her, nor against any of her partners who responded to the scene that morning. Defendant SILVA had the time and the opportunity to engage in effective and De Escalation communication with Mr. GARCIA. However, she failed to approach the situation and Mr. Garcia in a proper and reasonable manner to give him the opportunity to cooperate with the police officers about their instructions.

55. Defendant SILVA decided to use Deadly force by shooting her firearm at a close distance against Mr. Garcia.  She did so at a moment when he was simply trying to

move away from her, and from her partner who was inflicting pain with his taser against Mr. Garcia for no reason given to him.

56. At the precise moment of this shooting, no one had been threatened by Mr. Garcia. There was no immediate threat of any physical injury to anyone. Furthermore, Defendant Doe 1-10 was already engaged in the use of this Taser against Mr. Garcia to effectuate the seizure of his body by muscular incapacitation. Therefore, the force used by Defendant SILVA by shooting Mr. Garcia in these circumstances was unnecessary and excessive. It was unreasonable under the totality of the circumstances to shoot a non violent homeless and vulnerable person.

57. Mr. Garcia's death was proximately caused by the Defendant's misconduct, and the use of clear excessive force. If Defendant SILVA and Defendants Does 1-10 had not used excessive force on August 9 2021, Mr. Garcia Areas would be alive.

58. Before his death, the Decedent sustained extreme pain and suffering. Directly caused by the Defendants' wrongful and unconstitutional conduct in violation to the 4th Amendment of the US Constitution. Therefore, Plaintiffs under the 4th Amendment respectfully seek survival damages for the egregious violations to Decedent's Constitutional Rights by way of survival rights of action.

59. Plaintiffs further seek compensation for their own individual rights under Statutory California Law for Wrongful Death Damages.

60. Plaintiffs respectfully seek Punitive Damages but ONLY as to Defendant ESTELLA SILVA for her malicious conduct. Defendant SILVA's conduct was with malice because she knew that Mr. Garcia Areas was harmless, she knew him from the past, and she knew that he was an individual that may needed medical care and treatment and not to be shot. Her actions **shock the conscience** and were with **deliberate indifference** for the rights of Mr. Garcia Areas and /or the rights of the citizens of the community that she was sworn to serve and to protect. Thus, the Plaintiffs respectfully seek exemplary damages as to Defendant SILVA, and award of all of reasonable attorney fees as part of the cost of this litigation for this constitutional rights matter pursuant 42 U.S.C. 1988 (b).

## THIRD CLAIM FOR RELIEF

Denial of medical care and deliberate indifference to a serious medical emergency with risk of death
(Under the Fourth Amendment 42 U.S.C. § 1983)
Against Defendants Estella Silva; and DOES 1 to 10

61. Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph with the same force and effect as if fully set forth herein.

62. As stated above, the conduct of Defendants Estella Silva; and DOES 1 to 10 was under color of law and within the scope of their employment.

63. The Fourth Amendment protects the right to medical care and emergency medical assistance during the course or after an arrest. The Decedent had a right to be free from unconstitutional acts depriving him from reasonable medical care and prompt attention in a medical emergency. To the extent that Decedent was being placed under a lawful arrest -without conceding the legality of such arrest here-, the Defendants Estella Silva; and DOES 1 to 10 violated DECEDENT'S constitutional rights to access to reasonable medical care, by failing to allow objectively reasonable medical care to be provided to Mr. Garcia Areas in a serious medical emergency. The Defendants failed to provide prompt, adequate and due medical care to Mr. GARCIA AREAS at a critical time, when he was severely injured with the risk of death by the shooting.

64. The Decedent was in serious need of medical care and emergency assistance because he had been unreasonably shot by the Defendant SILVA.

65. After the shooting, Defendant Estella Silva; and DOES 1 to 10 clearly knew that they should have reasonably procured and allowed immediate medical assistance to treat Mr. GARCIA in accordance with Tustin Police Department policies, and manuals for individuals in such shooting conditions at the time of an arrest.

66. Defendants SILVA and Does 1-10 did not render medical care to the Decedent. Neither they summoned immediately for medical care be provided to Mr. Garcia.

Instead, they continued to try to execute an arrest of Mr. Garcia while he was in agony sustaining extreme pain and suffering after being shot.

67. Moreover, once paramedics were eventually at the scene, Defendants SILVA and DOES 1-10 refused to permit medical care providers the immediate access to provide emergency vital care to Mr. Garcia during crucial time (s) for his emergency.

68. As a result of Defendants Deliberate Indifference to the serious need for prompt medical care to Mr. Garcia, he ultimately died.

69. If Defendants had summoned for immediate medical care and had allowed the medical care providers to do their job promptly, the life of Mr. Garcia could have been saved. Defendants lack of action was a substantial factor.

70. As result of Defendant's misconduct, Mr. Garcia suffered pre-death pain and suffering and died after prolonged agony. Thus, the Defendants are liable for the loss of his life and for the loss of enjoyment of his life.

71. Defendants Estella Silva; and DOES 1 to 10 are liable for not summoning medical attention promptly and for not allowing the paramedics to quickly treat Mr. Garcia. As such they have failed to act reasonably under the totality of the circumstances, viewed from the perspective of a reasonable person on the scene, in order to prevent constitutional rights violations.

72. The conduct of Defendant deputies was excessive, and unreasonably done with deliberate and reckless disregard for the rights and safety of DECEDENT and has proximately resulted in his wrongful Death.

73. The Plaintiffs therefore bring this claim pursuant to the 4th Amendment and seek general damages according to proof at trial.

74. The Plaintiffs also seek costs and Attorney Fees pursuant to 42 U.S.C § 1988

## FOURTH CLAIM FOR RELIEF
### Municipal Liability – By Ratification
### (42 U.S.C. § 1983)
### (Against Defendant CITY OF TUSTIN)

75. The Plaintiffs repeat and re-allege each and every allegation from the paragraphs 1-74 with the same force and effect as if fully set forth herein.

76. At all times relevant to this complaint, The Defendants SILVA and Does 1-10 acted under color of law, and within the scope of their employment for Defendant City.

77. The acts of the Defendants have deprived DECEDENT and the Plaintiffs of rights protected under the United States Constitution and under California Law.

78. DEFENDANT CITY, acting by way of its entity representatives at the supervisory level (such as its chief of Police Dpt. Stu Greenberg) among others with control and authority over Defendants SILVA and Does 1-10, have **ratified** and **acquiesced** to the acts of constitutional violations committed against Mr. GARCIA as alleged above. Although the majority of the acts and omissions of the involved Tustin Police Officers involved in the incident were recorded by audio and by video through body camera footage, no disciplinary actions have ever been taken against any Tustin Police Officer involved in this case. No administrative consequences, nor any adverse employment consequences or penalty has been implemented in connection with the unjustifiable death of Mr. Garcia who was simply shoot in day light by a TPD officer and recorded on video body cams.

79. The unlawful acts and omissions of Defendants SILVA and DOES 1-10 against the Decedent, are just part of a pattern of deadly incidents that have occurred in Orange County where Tustin Police Department Officers are involved and engaged in such practice [s] of violation to the US Constitution. Despite the above, neither Defendant CITY nor their TUSTIN POLICE DEPARTMENT has taken any remedial actions, such as re-training or any disciplinary measures concerning the Tustin police officers  involved in use of force incidents.

PLAINTIFFS' COMPLAINT  FOR DAMAGES

80. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT'S pre-death pain and suffering, loss of enjoyment of life, and death.

81. Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983, for their own indulgent conduct towards unconstitutional practices, that has now resulted in the wrongful death of Mr. Garcia.

82. Plaintiffs act in their individual capacities and as successors in interest to the Decedent. Thus, Plaintiffs seek both survival and wrongful death damages.

83. Plaintiffs asks for costs and attorney's fees pursuant 42 U.S.C. 1988.

### FIFTH CLAIM FOR RELIEF
Failure to Train and or to Supervise "*Monell*"
(42 U.S.C. § 1983)
(Against Defendant CITY OF TUSTIN)

84. Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

85. The City of Tustin is liable for the deprivation of Luis Manuel Garcia Areas' Constitutional Rights under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). *Monell v. Department of Social Services'* held that municipal entities may be held liable for violations to Constitutional rights committed by its employees if the violations arose from a "Failure to adequately train municipal employees resulting in the deliberate indifference to the constitutional rights of citizens". Here, Defendant City of Tustin was aware of the widespread problems within the City of Tustin Police Department as to the excessive use of force within the department.  Despite their knowledge, the Defendant took no action to adequately train nor supervise their Officers.  Defendant has condoned and acquiesced to the abusive behavior by refusing to retrain them, to supervise them,

to discipline them, and or to correct abusive unconstitutional behavior resulting in serious harm in incidents of use of Force.

86. Defendant City of Tustin had prior knowledge that other citizens had been victims of law enforcement abuse by Tustin Police Department Officers, and deliberately have chosen not to provide proper training and supervision to prevent further incidents of excessive use of force. This has resulted in more constitutional violations such as the Death of Plaintiffs' husband and father.

87. Among other, the City was aware of the risk involved when its police officers responded to incidents where residents may be in conditions of homelessness and or medical – mental illness. However, despite their knowledge of such risk they failed to provide adequate training to their police officers to handle unusual situations not involving a crime, but involving **mental disturbed or homeless** individuals not representing an imminent threat.

88. Defendant CITY failed to properly train City of Tustin Police Officers, such as Officer Silva and DOES 1 through 10, to **de-escalate interactions** with residents or mentally ill individuals, so that Police Officers do not escalate their interactions with residents, or with mentally ill individuals, and do not overreact and resort to use of deadly force when the use of such level of force was not necessary. In this case, Officer Silva and DOES 1-10 escalated their interactions with DECEDENT who was mentally ill and was homeless. Mr. Garcia was harmless and not violent.

89. Defendant CITY failed to properly train City of Tustin police officers, such as Officer Silva and DOES 1-10, to not permit fear to reach the point of becoming **unreasonable fear**, and not objectively reasonable, which would result in the use of deadly force by Officer Silva and DOES 1-10 and would cause the death of mentally ill, homeless non violent persons such as DECEDENT.

90. Defendant CITY failed to properly train Tustin police officers, such as Officer Silva and DOES 1-10, to properly and **adequately assess** the need to use force against persons such as DECEDENT, who have a mental illness and might not be able to understand all of the instructions being given by the police officers.

91. Defendant CITY failed to properly train its police officers, such as Officer Silva and DOES 1-10, in proper police tactics, such as **situational awareness,** so that police officers, such as Officer Silva and DOES 1-10, do not utilize negligent tactics, which is how Officer Silva and DOES 1-10 acted in this case. Because of the lack of proper training by Defendant CITY, Defendant Silva and DOES 1-10 did not use proper police tactics in the handling of their contact and interactions with Mr. GARCIA. Defendant Silva and DOES 1-10 used **defective police tactics**, including the lack of a **situational awareness**. These training failures by Defendant CITY, and defective tactics by Defendant Silva and DOES 1-10, resulted in the death of DECEDENT.

92. Defendant CITY failed to properly train City of Tustin police officers, such as Defendant Silva and DOES 1 through 10, about the importance of **effective communication** between officers prior to using any level of force.

93. Because of the lack of proper training by CITY of Defendant Silva and DOES 1 through 10, they did not use any **effective communication** prior to and during the use of force against Mr. Garcia. The conspicuous ineffective communication by Defendant Silva and DOES 1 through 10, prior to and during the incident, resulted in the death of Mr. Garcia. Causing constitutional violations and Damages both to the Decedent and to his wife and son.

94. Defendant City failed to provide adequate training regarding handling of situations involving persons falling within Welfare Inst. Code 5150 & 5158.

95. These failures to train and supervise as stated above is so closely related to the deprivation of Decedent's rights, as to being the actual moving force that caused his wrongful death.

96. Defendant CITY is liable for compensatory damages under 42 U.S.C. § 1983. PLAINTIFFs bring this Monell claim as DECEDENT's successors-in-interest as defined in Section 377.11 of the CCP., and seek survival damages for the violation of DECEDENT's rights. PLAINTIFFS also seek reasonable attorneys' fees pursuant to 28 U.S.C. § 1988, costs, and interest.

PLAINTIFFS' COMPLAINT FOR DAMAGES

## SIXTH CLAIM FOR RELIEF

Municipal Liability—Unconstitutional Custom or Policy (42 U.S.C. § 1983)
Against Defendant CITY OF TUSTIN

97. Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

98. The individual Defendants acted under color of law.

99. Upon Plaintiff's information and belief on or about August 9, 2021, and for at least five years prior to this fatal incident, Defendant CITY OF TUSTIN established, maintained, applied and/ or allowed a custom, policy and practices that violate constitutional rights such as the following;

   a) CITY's failure to provide adequate training regarding the use of force, and the use of deadly force. Including incidents of homelessness & mental illness.

   b) The use of excessive force, including excessive deadly force, by CITY officers, when there was no need for such force, and/ or where there was no imminent threat to the officers involved or to others.

   c) A custom, policy, and practice of condoning peace officers code of silence through the TPD. Systemic failure to Report any incidents of use of force by other officers. No TPD reported other officers or intervene to prevent use of excessive force.

   d) Failure to discipline officers who engage in the use of unnecessary unreasonable force resulting in serious injury or death.

   e) Failure to adequately supervise and control officers known or who reasonably should have been known to have used unnecessary and unreasonable force in the past. Such as Defendant SILVA and Does 1-10.

   f) Failure to adequately supervise and control officers known or who reasonably should have been known to have used unnecessarily and excessively their taser guns in incidents where no such use of force was required.

g) Failure to adequately train, supervise, control and discipline officers known or who reasonably should have been known to have used unnecessarily and dangerously their firearms in incidents where no such use of force was necessary.

h) Failure to adequately supervise and to train officers in a manner that it was safe and consistent with civil police force standards.

i) City custom and practice of maintaining a policy of inaction and an attitude of indifference towards the soaring numbers of instances of use excessive force by its Police officers, including the City Deliberate choice of failure to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who use excessive force against members of the community.

100.   By reason of the aforementioned unconstitutional customs, and practices, and policy, Plaintiffs have suffered the loss of the love, companionship, affection, comfort, care, society, training, guidance, and support of the Decedent. Accordingly, Defendant CITY shall be liable to the Plaintiffs for compensatory damages.

101.   PLAINTIFFS bring the instant claim individually and as successors in interest to DECEDENT, and seek also wrongful death damages under this claim. PLAINTIFFS also seek attorney's fees under this claim pursuant to 42 U.S.C. § 1988(b) , and reasonable attorney fees under 42 U.S.C. § 1988.

### SEVENTH CLAIM FOR RELIEF
Negligence (Cal. Govt. Code § 820 and 815.2(a) & California Common Law)
(Wrongful Death)
(Against All Defendants)

102.   Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

103.   Defendant SILVA, Does 1-10 had a General duty to use reasonable care to prevent harm or injury to others.

104.     This duty includes acting as objectively reasonable police officers within the circumstances. With appropriate and effective communication, with reasonable and professional tactics, giving appropriate reasonable commands, giving proper and required warnings, not using unnecessary force, using less than lethal options when feasible, and only using deadly force as a last resort. Have reverence for human life. To not Escalate situations from a "no crime investigation" to a fatal shooting of a homeless non violent person for no reason.

105.     Defendants SILVA , Does 1-10 breached their duty of Care. Their Actions were Negligent and reckless as no reasonable officer in such circumstances would have killed a man that posed no threat and had not been violent to anyone.

106.     DEFENDANTS CITY, SILVA and DOES 1-10 knew that by acting as sworn officers under color of law, they were charged with ensuring the safety and well-being of everyone. Including the DECEDENT. Defendants Silva, CITY and DOES 1-10 breached their duty to protect and ensure the safety of all persons, including the DECEDENT, by engaging in the following negligent conduct;

    a. The Negligent use of unreasonable excessive and lethal force against GARCIA AREAS, causing ultimately his death. Including but not limited to the use of taser and Officer SILVA's gun without necessity.

    b. The negligent handling of the situation with respect to the DECEDENT, including, but not limited to, negligent assessment of the situation. Negligent assessment of the need to use force. The negligent action of firing a firearm without first making attempts to de-escalate the situation, without making an assessment as to other alternative use of force level options. Such as less or non lethal devices. i.e Baton, pepper spray, body restrain techniques, verbal commands, etc.

    c. The negligent failure to render and or to allow others to render timely medical aid to the decedent when he was in extreme need of medical care due to a serious medical emergency.

   d.  The negligent failure to allow the paramedics to provide timely medical emergency care to the Decedent. Negligent communication during incident.

   e.  The negligent training and failure to ensure that adequate numbers of police department employees with appropriate education and training were available to meet the needs of and protect the rights of individuals in such condition as Decedent. (Homeless with mental care needs).

107.  As a direct and proximate result of Defendants' negligence, Plaintiffs were deprived of the life-long love, companionship, comfort, support, society, care and support of their husband and father, and will continue to be so deprived for the remainder of their natural life.

108.  CITY is vicariously liable for the wrongful acts of its employees pursuant to section 815.2(a) of the California Government Code. Pursuant 815.2 (a) a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

109.  Plaintiffs seeks wrongful death damages under this claim.  Plaintiffs also seek costs, interest and attorneys' fees under Ca Civil Code §1021.5.

110.  Pursuant to the recent modifications to statutory wrongful death laws in California, Plaintiffs seek survival claim damages for the pre death pain and suffering sustained by Mr. Garcia during the whole time (s) relevant prior to his ultimate death.  Ca. Civ. Proc. § 377.34 (b). (*This Action is being filed after January 1st 2022*).

## EIGHTH CLAIM FOR RELIEF

Violation of Tom Bane Civil Rights Act (Cal. Civil Code §52.1, 52 51.7 51.9)

Against Defendants SILVA and DOES 1-10

111.  Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

112.  California Civil Code, Section 52.1 *et al* (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

    b.  If a person or persons, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals or rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured.

    c.  Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (b), may institute and prosecute in their own name and on their own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (b).

113.  California Civil Code, Section 52.1authorizes a private right of action for damages to any person whose constitutional rights are violated. "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." See *Chaudhry v. City of Long Beach*., 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983.");

*Bender v. CITY of L.A.,* 217 Cal.App. 4th 968, 976 (2013) ("an unlawful [seizure]…when accompanied by unnecessary, deliberate and excessive force…is within the protection of the Bane Act").

114.    Here, Defendants SILVA and Does 1-10 have used objectively unreasonable lethal force against Mr. Garcia in deliberate interference for the exercise or enjoyment of his constitutional rights secured under the United States Constitution, the laws of the United States, Civil liberty rights, rights under the laws of California, and fundamental rights and freedoms as conceived by our judicial system.

115.    The conduct of Defendant ESTELLA SILVA in particular violated DECEDENT's Fourth Amendment right to be free from excessive force when they used deadly force against DECEDENT without any warning, and by firing multiple rounds at him and killing him for no reason. Prior to his shooting,  there had been no basis to conclude that Mr. Garcia  had committed any crime. Defendant Officer Silva and DEFENDANTS DOES 1-10 had no information whatsoever that Mr. Garcia had committed any crime.  Upon their arrival and as result of their interactions with Mr. Garcia, Defendant SILVA and DOES 1, could conclude 2 things. 1) that SILVA knew Mr. Garcia and 2) he was not committing a crime.  (Collecting recyclables is not a crime). Thus, Defendant SILVA, Does 1-10 while acting under color of law, interfered with Mr. Garcia's constitutional rights, including and not limited to the right to be free of excessive use of force causing his death.

116.    The conduct of DEFENDANTS was a substantial factor in causing the harm, losses, injuries, and damages of PLAINTIFFS. PLAINTIFFS seek survival damages under this claim in their individual capacity and as a successors-in-interest to DECEDENT. PLAINTIFFS also seek costs and attorney fees under this claim pursuant to Civ. Code, § 52.1(h) and Ca. Civ. Code §1021.5.

117.    The CITY is under California law and the doctrine of *respondeat superior,* for the acts and omissions of its Officers. In this case for the acts of Defendant Silva and DOES 1-10.

### NINTH CLAIM FOR RELIEF

Battery (Cal. Govt. Code § 820 and California Common Law)
Against Defendant ESTELLA SILVA, CITY OF TUSTIN, and DOES 1-10 )

118.    Plaintiffs repeat and re-allege each and every foregoing allegation and paragraph set forth above with the same force and effect as if fully set forth herein.

119.    Defendants used excessive and unreasonable lethal force against MR. GARCIA AREAS as alleged in detailed above.

120.    DEFENDANTS SILVA AND DOES 1-10, while working for the CITY OF TUSTIN, and acting within the course and scope of their employment and duties as police officers, intentionally shot Mr. Garcia. Thereby using unreasonable and excessive physical force, force by taser, and deadly force by firearm against him, Defendants caused Mr. Garcia to suffer from severe pain and suffering, and ultimately death. Officer Silva and DOE DEFENDANTS 1-10 had no legal justification for using deadly force against Mr. Garcia. Their use of force while carrying out their duties as police officers was an unreasonable, unnecessary and non-privileged nor justified.

121.    Each of DOE DEFENDANTS 1-10 integrally participated by acting and or by failing to intervene in the use of force during the incident with Mr. Garcia.

122.    As a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and support of their husband and father, and they will continue to be so for the remainder of their natural life.

123.    Plaintiffs seek wrongful death general damages including survival damages under this claim, as well as costs, interest, and reasonable attorneys' fees under California Civil Code §1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs' request entry of judgment in their favor and against the Defendants as follows:

A. For compensatory General Damages under Federal Laws in an amount to be proven at trial .

B. For Attorney Fees pursuant 42 U.S.C. § 1988.

C. For compensatory Wrongful Death Damages under California Laws. In amount [s] to be proven at Trial to be awarded to each of the Plaintiffs.

D. For Attorney's fees and costs pursuant to California Civil Code, Section 52.1(h).52 (The Bane Act). and California Civil Code §1021.5;

E. For Survival Action Damages, (Pre Death Pain and Suffering). Any & all survival damages applicable under CA Code of Civil Procedure § 377.34 (b). (Non-Economic survival damages according to proof at trial)

F. For Punitive Damages only as to Defendant ESTELLA SILVA.

G. For such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby expressly demand a trial by Jury.

Respectfully Submitted by:

Date:   August 31 2022

*/S/ Jesus Eduardo Arias Esq., LL.M.*
Attorney for Plaintiffs

PLAINTIFFS' COMPLAINT  FOR DAMAGES